IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY COCHRAN, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. CCB-22-2061 |
| DIRECTOR OF THE BUREAU OF PRISONS,<br>*et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Self-represented plaintiff Larry Cochran, formerly incarcerated at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed the above-captioned civil complaint alleging "deprivation of liberty without due process, intentional infliction of emotional distress, misapplication of statutes, and cruel and unusual punishment." Compl., ECF 1. Specifically, Cochran, who was released from federal custody on July 28, 2022, alleges that he was held beyond his statutory release date when the Bureau of Prisons ("BOP") failed to timely apply his credits earned pursuant to the First Step Act of 2018 ("FSA") and promptly release him to prerelease custody. *Id.* at 2-3. Cochran seeks monetary damages. *Id.* at 4-5.

Defendants moved to dismiss the complaint, or in the alternative, for summary judgment. Mot. to Dismiss, ECF 24 ("Mot."). Cochran responded to the motion, and defendants replied. Opp'n to Mot., ECF 26 ("Opp'n"); Reply in Supp. of Mot., ECF 31 ("Reply"). Cochran filed an additional reply as well as requests for judicial notice. ECFs 32-34, 36.

The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6. (D. Md. 2023). For the reasons explained below, the defendants' motion will be granted.

Also pending is Cochran's Motion Requesting Update and Status of the Case, Mot. Requesting Update, ECF 37, which shall be granted insofar as this memorandum outlines the current status of the case.

## BACKGROUND

Cochran was released from custody at FCI-Cumberland on July 28, 2022, and shortly thereafter filed his complaint, on August 16, 2022. Compl. at 3. He alleges that he was held for over six months beyond his proper release date because the BOP failed to apply his earned FSA credits when he was approved for prerelease custody on January 16, 2022, pursuant to the Department of Justice's "Final Rule for Earning and Application of Time Credits" that was issued on January 19, 2022.[1] *Id*. at 2-3 (citing 87 Fed. Reg. 2705 (Jan. 19, 2022) (codified at 28 C.F.R. pts. 523, 541)). Cochran states that he was released "straight to supervised release," thereby denying him any "reentry or prerelease custody time, resources, services, or assistance." *Id*. at 4. He seeks $223,000 in damages for "deprivation of his liberty without due process and cruel and unusual punishment," and $669,000 for intentional infliction of emotional distress. *Id*. at 4-5.

Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. Mot. Defendants first argue that Cochran's claims are barred by *res judicata* because all claims were adjudicated on the merits in *Cochran v. Earwin*, No. 22-cv-173-GLR (D. Md. 2022). *Id*. at 4-5. Second, defendants argue that the complaint should be dismissed for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA") and the Prison Litigation Reform Act ("PLRA"). *Id*. at 6-7. Finally, defendants state that Cochran's claims against

---

[1] Cochran notes that he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 regarding his release to prerelease custody, which was dismissed on October 13, 2022. Compl. at 2; *see also Cochran v. Earwin*, No. 22-cv-173-GLR (D. Md. 2022).

defendants in their official capacities must be dismissed on the basis of sovereign immunity. *Id*. at 9-10.

Cochran filed a response to defendants' motion, arguing that the complaint should not be dismissed based on *res judicata* because the prior case was not determined on the merits and that his complaint raises different issues. Opp'n at 3-4. He further argues that he did, in fact, exhaust administrative remedies pursuant to the FTCA and that the PLRA does not apply as he was not a prisoner when he filed the suit. *Id*. at 5-8. Cochran attaches documents he contends show that he exhausted all required remedies, including a copy of a SF-95 form for filing FTCA claims. Opp'n Ex. 1 at 2-5, ECF 26-1. Finally, he states that he did not intend to sue defendants only in their official capacities and asks for "leave to correct" the complaint to sue defendants in both their individual and official capacities as well as add the United States as a defendant. Opp'n at 8 (citing Request for Leave to Correct Compl., ECF 16).

Defendants filed a reply in support of their motion, reiterating their prior arguments as well as providing additional evidence to support their argument that Cochran failed to exhaust his remedies in compliance with the FTCA. Reply; Reply Ex. 1, 31-1. Defendants contend that the BOP did not receive the tort claim for which Cochran provided a copy of a SF-95. Reply at 4. In support, defendants submitted the Declaration of Misty Shaw, a Paralegal at the Mid-Atlantic Regional Office of the BOP, who states that she reviewed the BOP Tort Claim Database and found no record of the tort claim referenced by Cochran. Reply Ex. 1 at 2-3. Additionally, defendants note that the copy of the SF-95 provided by Cochran does not have a stamp acknowledging receipt, and that Cochran provides no proof that the form was sent or received by the BOP. Reply at 4. Cochran filed a surreply, reiterating his previous arguments and arguing that he provided the best

3

proof of filing the FTCA claim that he could while incarcerated. Surreply in Opp'n to Mot., ECF 33.[2]

## STANDARDS OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187,

---

[2] Cochran also filed correspondence requesting the court to take judicial notice, however these documents merely reiterate Cochran's prior arguments; as such, the court declines to take judicial notice as requested. ECFs 32, 34, 36; *see* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *accord Clear Channel Outdoor, Inc. v. Mayor & City Council of Balt.*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

Further, courts have an independent obligation to determine whether they have subject-matter jurisdiction to consider a case. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th. Cir. 1998) (a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

### I. Constitutional Claims

Sovereign immunity protects the United States and its agencies from all lawsuits absent a waiver of immunity. *Welch v. United States,* 409 F.3d 646, 650 (4th Cir. 2005). Congress may, by enacting legislation, expressly waive sovereign immunity for certain suits. *See Kerns v. United*

*States*, 585 F.3d 187, 193-94 (4th Cir. 2009). The sovereign immunity of the United States also generally extends to federal officers sued in their official capacity. *See Dugan v. Rank*, 372 U.S. 609, 620-22 (1963); *Portsmouth Redev. & Hous. Auth. v. Pierce*, 706 F.2d 471, 473 (4th Cir. 1983). Therefore, defendants enjoy "a presumption of immunity," *Robinson v. U.S. Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019), *cert. denied*, _ U.S. _, 140 S. Ct. 1440 (2020), and Cochran has the burden to demonstrate a waiver of the Government's sovereign immunity. *Welch*, 409 F.3d at 651. A waiver of sovereign immunity is "strictly construed" in favor of the United States. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The complaint cites the Constitutional protections against deprivation of liberty without due process and cruel and unusual punishment along with intentional infliction of emotional distress. Compl. No statutes are cited, outside those related to the First Step Act, which does not create any causes of action. *Id*. at 2-3. Liberally construed, the complaint alleges a violation of Cochran's right to due process under the Fourteenth Amendment, cruel and unusual punishment under the Eighth Amendment, and intentional infliction of emotional distress. Compl. The Fourteenth and Eighth Amendments do not, in and of themselves, operate as a waiver of sovereign immunity. *Hopes v. Roche*, No. 04-cv-2963-RDB, 2005 WL 1812820, at *7 (D. Md. Aug. 2, 2005) ("[T]he Constitution does not waive the Government's sovereign immunity in a suit for damages." (quoting *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982))). A waiver of sovereign immunity, "if it exists at all, must be found in the statute giving rise to the cause of action." *Id.* (quoting *Garcia*, 666 F.2d at 966); *Lim v. United States*, No. 10-cv-2574-DKC, 2011 WL 2650889, at *8 (D. Md. July 5, 2011) ("Federal courts have no jurisdiction over claims against the United States asserting general violations of the Constitution not authorized by a specific statute."). Thus, Cochran cannot raise his claims directly under the Fourteenth and Eighth Amendments.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, the United States Supreme Court established a cause of action under the Constitution of the United States against federal officials for violating federal constitutional rights. 403 U.S. 388 (1971). In the absence of a constitutional violation, no viable *Bivens* claim is stated. *Davis v. Passman*, 442 U.S. 228, 248 (1979). Here, Cochran provides no facts to explain how defendants acted in their individual capacities to violate his constitutional rights, and Cochran cannot bring a *Bivens* claim against an agent of the federal government in his official capacity. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (citing *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996)). In fact, of the individual defendants, Cochran does not identify them by name nor does he mention them outside the caption of his complaint.[3] There is nothing in the complaint that could be construed to allege any personal involvement in the allegations that Cochran was released six months later than he should have been. Therefore, Cochran's constitutional claims against defendants in their individual and official capacities will be dismissed.[4]

## II. Intentional Infliction of Emotional Distress

Liberally construed, Cochran's claim of intentional infliction of emotional distress may be brought pursuant to the Federal Tort Claims Act ("FTCA"), which provides a limited waiver of

---

[3] In addition to the Director of the BOP, Regional Director of the Mid-Atlantic Regional Office, and United States Attorney, Cochran names the Designation and Sentence Classification Center, and the U.S. Attorney's Office in Baltimore, Maryland.

[4] Cochran submitted a "request" to "correct" his complaint to sue the defendants in their individual capacities. *See* Request for Leave to Correct Compl; Opp'n at 9. Cochran's request, construed as a motion to amend, was filed twenty-three days after the motion to dismiss, just after the deadline for amendment as a matter of course. Fed. R. Civ. P. 15(a)(1)(A). Although the delay may be forgivable, because Cochran's correction also fails to allege any specific facts about how the defendants personally violated his constitutional rights, the court will deny the motion to amend because amendment would be futile. *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

sovereign immunity for certain tort actions. *See* 28 U.S.C. §§ 1346(b), 2674. Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment[.]" *Id.* § 1346(b)(1). As a waiver of sovereign immunity, the FTCA is to be narrowly construed and is not to be extended by implication. *See United States v. Nordic Vill., Inc.*, 503 U.S. 30, 34 (1992). A plaintiff also must exhaust administrative remedies before filing suit, or the case is subject to dismissal for lack of subject matter jurisdiction. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 112 (1993); *see also Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).[5]

Here, the complaint itself does not make any allegation that Cochran filed an administrative tort claim with the BOP. *See* Compl. In response to defendants' argument that he failed to do so, Cochran submitted several documents including a copy of an SF-95 form dated January 24, 2022, asserting an intentional infliction of emotional distress claim and, several months later, a second SF-95 form dated August 1, 2022, asserting the same claim. Opp'n Ex. 1 at 2-5; Suppl. to Opp'n, ECF 38. Neither SF-95 contains any verification that it was mailed to or received by BOP. He contends the documents submitted prove that he exhausted his claims under the FTCA. Opp'n at 5-7. The court considers these documents as evidence on the jurisdictional question. *See Velasco*, 370 F.3d at 398.

Defendants provide the declaration of Misty Shaw, a paralegal with the Mid-Atlantic Regional Office of the BOP. Reply Ex. 1. Shaw avers that she has reviewed the BOP Tort Claim Database and found no record of receipt for the SF-95 form dated January 24, 2022, that Cochran

---

[5] Defendants argue that, in addition to failing to exhaust his remedies under the FTCA, Cochran failed to exhaust his administrative remedies as required by the PLRA. Mot. at 8. However, Cochran was not a prisoner at the time he filed the complaint; therefore, the PLRA does not apply.

8

claims he filed. *Id.* at 2. Shaw notes that the records reflect that the most recent tort claim filed by Cochran was stamped received on November 7, 2019, and that it does not address the claims brought in the instant complaint. *Id.* Shaw attaches a copy of the stamped receipt and letter of acknowledgement for the November 7, 2019, claim to demonstrate how such claims are processed and recorded. *Id.* at 3, 5-6, and 11. Defendants argue that because Cochran did not produce either a copy of the receipt from BOP or proof of mailing, he has not proved that he filed the claim as required by the FTCA. Reply at 4-5.

For his part, Cochran states that he submitted the best proof he could from prison, however he does not explain why he did not submit the documents that would show the BOP's receipt of the claim or that he mailed the claim, nor does he verify any statement that he did so. *See* Opp'n. As such, Cochran has not proven that he complied with the requirements of the FTCA,[6] and his claim for intentional infliction of emotional distress will be dismissed for lack of subject matter jurisdiction.[7]

---

[6] Even if Cochran had complied with the FTCA, his claim for intentional infliction of emotional distress is likely barred by 28 U.S.C. § 1346(b)(2), which states that "[n]o person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."

[7] Because the complaint will be dismissed for failure to state a claim and lack of subject matter jurisdiction, the court need not address defendants' argument that Cochran's claims are barred by *res judicata*. *See* Mot. at 5-6.

## CONCLUSION

For the reasons stated in this memorandum opinion, this case will be dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted. A separate order follows.

| | |
|---|---|
|    1/29/2024    |    /s/    |
| Date | Catherine C. Blake<br>United States District Judge |